BMC SOFTWARE INC. AND SUBSIDIARIES, Petitioner, vs. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bmc Software Inc. v. Comm'r
No. 2671-00
United States Tax Court
2000 Tax Ct. Memo LEXIS 467; March 6, 2000, Filed Counsel petitioned for redetermination of deficiencies set forth by Commissioner. *467 Gerachis, George M.; Fenn, Charles T.; Forney, Tobey Blanton Vinson & Elkins, LLP. PETITION
BMC Software Inc. ("BMC") and its Subsidiaries (hereinafter collectively referred to as "Petitioner") hereby petition for a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue (the "Commissioner") in his Notice of Deficiency dated December 13, 1999, ("Notice") and as the basis for their case allege as follows:
1. BMC is a Delaware corporation with its mailing address and its principal place of business located at 2101 Citywest Boulevard, Houston, Texas 77042. Its employer identification number is [TIN omitted]. The Subsidiaries are wholly owned subsidiaries of BMC that are designated in the Form 851, Affiliations Schedule, attached to the Notice. For the taxable year ended March 31, 1996, Petitioner filed its consolidated federal income tax return with the Internal Revenue Service Center at Austin, Texas.
2. The Notice (a copy of which is attached hereto as Exhibit A exactly as it was received by the Petitioner and including all accompanying statements and schedules) was issued by the Office of the District Director, Internal Revenue Service, Houston, *468 Texas, and is dated and presumably was mailed to Petitioner on December 13, 1999.
3. The deficiencies as determined by the Commissioner are in corporate income tax and amount to $ 5,896,758 for the taxable year ended March 31, 1996, all of which are in dispute. In addition, Petitioner is entitled to reduce its federal income tax liability by $ 5,039,262 for the taxable year ended March 31, 1996, and such claim for refund is set forth herein at paragraphs 4(e)(ii) and 5(e)(ii).
4. ERRORS. The determination of tax set forth in the Notice is based in part on the following errors:
a. DATA TOOLS. The Commissioner erred in determining that BMC had additional income from worldwide sales of Data Tools Products in the amount of $ 832,180 for the taxable year ended March 31, 1996, under the authority of IRC sections 61 and 482. (See Form 5278, Issue I.b.1.)
b. ROYALTY AND COST SHARING INCOME. The Commissioner erred in increasing BMC's gross income by $ 8,807,917, rather than $ 1,761,583, for the taxable year ended March 31, 1996, under the authority of IRC sections 61 and 482. This error is based on the further, erroneous determination that BMC *469 was not entitled to defer royalty and cost sharing income for such taxable year pursuant to a binding settlement agreement between BMC and the Commissioner. (See Form 5278, Issue 1.c.)
c. OTHER INCOME ATTRIBUTABLE TO ACQUIRED TECHNOLOGY. The Commissioner erred in determining that BMC had other income of $ 7,780,098 for the taxable year ended March 31, 1996, pursuant to IRC sections 61 and 482. This determination is based on the further, erroneous determination that BMC transferred acquired technology without compensation to BMC Software Cayman LDC. (See Form 5278, Issue 1.d.)
d. ENVIRONMENTAL TAX AND ENVIRONMENTAL TAX DEDUCTION. The Commission erred in increasing BMC's environmental tax as well as its environmental tax deduction by $ 17,781 for the taxable year ended March 31, 1996. (See Form 5278, Issues 1.e and 1.a.) This adjustment is based on the determinations made by the Commissioner in the Notice to which error has been assigned in this petition.
e. FOREIGN TAX CREDIT.
i. The Commissioner erred in determining that Petitioner's foreign tax credit should be decreased by $ 295,366 for the taxable year ended March 31, 1996. (See Form 5278, Issue 8.a.) This *470 adjustment is based in part on the erroneous determination that BMC cannot substantiate that $ 287,393 of its claimed $ 1,940,394 in IRC section 901 foreign taxes were withheld at source.
ii. In addition to the foreign tax credits claimed on its return for the taxable year ended March 31, 1996, BMC is entitled to carry back to such year unutilized foreign tax credits from its taxable year ended March 31, 1998, in the amount of $ 5,039,262. Accordingly, BMC hereby claims a refund in such amount.
5. FACTS. The facts on which Petitioner relies in support of its position are as follows:
a. DATA TOOLS. During the taxable year ended March 31, 1996, BMC was contractually obligated to pay royalties to Data Tools Inc. ("DTI"), an unrelated party, to license certain software owned by DTI. During such year, BMC paid royalties of $ 416,090 to DTI on sales in the European territory pursuant to such license agreement. The Commissioner correctly determined that BV-1 did not reimburse BMC for such royalties. The Commissioner erred, however, in determining that BV-1 should have paid BMC twice the amount due DTI, or $ 832,180. The Commissioner's determination is arbitrary, *471 capricious and unreasonable.
b. ROYALTY AND COST SHARING. In his audit of BMC's consolidated tax return for the taxable year ended March 31, 1993, the Commissioner determined increases in the royalties paid by BMC Software Cayman LDC ("LDC") to BMC pursuant to a software license agreement and a cost sharing agreement, under authority of IRC section 482. BMC contested such adjustments in this Court in docket no. 12731-98. The Commissioner also determined deficiencies with respect to BMC's taxable years ended March 31, 1994, and March 31, 1995, on the same basis. BMC contested such adjustments in this Court in docket no. 20762-98. The parties settled the transfer pricing issue in docket no. 12731-98 in a manner that resolved the issue for the taxable year ended March 31, 1993, as well as all succeeding taxable years, and entered into a binding, written settlement agreement (the "Settlement Agreement"). The Commissioner honored the terms of the Settlement Agreement in docket no. 20762-98 for the taxable years ended March 31, 1994, and March 31, 1995. One of the terms of the Settlement Agreement is the deferral of all but $ 1,761,583 of additional royalty income *472 for the taxable year ended March 31, 1996. By determining an increase of $ 8,807,917 for such year, however, the Commissioner has breached the express terms of the Settlement Agreement. The correct IRC section 482 adjustment pursuant to the Settlement Agreement for the taxable year ended March 31, 1996 is $ 1,761,583.
C. OTHER INCOME ATTRIBUTABLE TO ACQUIRED TECHNOLOGY.
i. During the 1995 calendar year, BMC acquired the shares of four unrelated, development-stage software companies. At the time BMC acquired these companies, none of them had realized material revenues from the sale of any software product then under development.
ii. During the same period, BMC and LDC each acquired assets, including software code and existing products, from three other companies.
iii. After the acquisitions described in herein at paragraphs 5(c)(i) and (ii), BMC further developed the products based on software code owned by the four acquired corporations as well as the purchased assets from the three other companies (collectively, the "Acquired Code"). Pursuant to an agreement between BMC and LDC that is a "qualified cost sharing agreement" within the meaning of Treas. Reg. section 1.482-7(b) *473 , BMC included in the pool of shared costs those costs BMC incurred during the taxable year ended March 31, 1996, for the continued development of the Acquired Code. Moreover, LDC owed a royalty to BMC on all sales of products in its territory from products that incorporated the Acquired Code. Such royalty was the arm's-length "buy-in" amount for the use of pre-existing intangibles BMC made available to the cost sharing agreement pursuant to Treas. Reg. section 1.482-7(g)(2).
iv. The Commissioner erroneously determined that $ 7,780,098 was the net arm's-length buy-in payment payable by LDC as a result of BMC making the Acquired Code available to the cost sharing agreement. The $ 7,780,098 figure constitutes (A) a percentage of the aggregate price paid by BMC for the shares of the four acquired companies and the assets BMC purchased from three other companies, less (B) a percentage of the aggregate price paid by LDC for the assets it acquired. The Commissioner's determination ignores both the legal form and economic substance of these transactions. Allocating a portion of the total purchase price of stock or assets to a participant in a cost sharing agreement *474 is not a valid method for valuing a buy-in payment. The buy-in determined by the Commissioner vastly exceeds the arm's-length charge for the use of the intangible property rights in question. The Commissioner's determination is arbitrary, capricious and unreasonable.
d. ENVIRONMENTAL TAX AND ENVIRONMENTAL TAX DEDUCTION. BMC's environmental tax liability depends on the computation of its alternative minimum tax, which in turn is affected by the erroneous adjustments to BMC's income disputed herein. Correction of such errors will eliminate any adjustment to BMC's environmental tax.
e. FOREIGN TAX CREDIT.
i. The IRC section 901 foreign tax credits claimed by BMC represent amounts withheld at source by its customers for foreign taxes due on payments by such customers to BMC. BMC's foreign customers are required to provide BMC with appropriate documents substantiating these amounts. BMC has requested the documents necessary to substantiate the foreign tax payments at issue and expects to be able to prove it incurred the entire amount of foreign taxes in dispute.
ii. BMC paid or accrued foreign tax credits of $ 5,039,262 in its taxable year ended March 31, 1998, which *475 it was not able to utilize in such year because it incurred a net operating loss. BMC hereby claims a refund in the amount of $ 5,039,262 for the taxable year ended March 31, 1996, resulting from the carry back to such year of unutilized foreign tax credits from the taxable year ended March 31, 1998.
WHEREFORE, Petitioner prays that the Court will determine that there are no deficiencies in Petitioner's federal income tax liability for the taxable year ended March 31, 1996, allow the refunds claimed herein, and order such other and further relief to which it may be entitled.
Respectfully submitted,
George M. Gerachis
Tax Court No. GG0267
Vinson & Elkins L.L.P.
1001 Fannin, Suite 1900
Houston, Texas 77002
(713)758-1056
Counsel of Record for Petitioner,
BMC Software Inc. and Subsidiaries
Charles T. Fenn
Tax Court No. FC0239
Vinson & Elkins L.L.P.
1001 Fannin, Suite 1900
Houston, Texas 77002
(713) 758-2747
Tobey Blanton Forney
Tax Court No. #BT0395
Vinson & Elkins L.L.P.
1001 Fannin, Suite 1900
Houston, Texas 77002
(713) 758-3365
Dated: March 6, 2000 [attachment omitted]
[Editor's Note: The attachment has been omitted. *476 However, this document in its entirety can be obtained through our Tax Analysts' Access Service as Doc 2000-8455 (25 pages).]